## HAVERHILL *v.* ORANGE.*

The plaintiffs claimed that they had incurred expenses in consequence of a pauper and his children, who had a derivative settlement from his father, by virtue of a long residence in Orange, under due assessment of highway and other taxes upon his poll and other ratable estate. *Held,* that, before a liability would attach to the defendants, plaintiffs must prove the actual payment of the highway taxes so assessed upon the father for the whole number of years required by the statute law.

Previous to the year 1848, the selectmen of the towns in this State had no authority conferred upon them by statute to permit any person who did not reside upon a public highway, to expend his highway taxes upon any *private* way, leading from the public highway to the dwelling house of such person.

No doctrine of assumption arising from the lapse of time can be entertained, that the highway taxes of the ancestor, Walter Shirwell, were paid by him, during his residence in Orange, *against the fact* that they were not paid either in money or labor, as expressly found by the referee.

*To the Supreme Judicial Court to be holden at Concord, within and for the county of Merrimack, on the first Tuesday of April, 1866.*

IN the action, *Haverhill* v. *Orange*, pending in said court, the parties, by agreement, appeared before me, the subscriber, *as referee*, at the office of George W. Murray, Esq., in Canaan, in our county of Grafton, on Thursday, the first day of March, 1866, at one o'clock in the afternoon, in accordance with previous notice to that effect, and were heard fully by their witnesses and counsel; and having heard and considered the same, I do report to said court, that I find the claim of the plaintiff to be for supplies furnished to Samuel Shirwell and his wife and five children, by plaintiff, while said Shirwell was residing in said town.

I find that all acts and facts have been proved before me which are necessary to entitle the plaintiff to recover, in this case, the sum claimed, to wit, $181.54, with interest thereon from the date of plaintiff's writ; provided the said Samuel Shirwell has a legal settlement in defendant town.

Upon that question I find that said Samuel has never gained any settlement for himself; that he was a son of one Walter Shirwell, now deceased, who resided, from the year 1816 to 1831, on a piece or gore of land between two lines, both of which started from the same point, to wit, the southwest corner of Orange, which was also the southeast corner of Canaan, and about which there was no dispute, and both running northerly, one known as the compromise line which ran west of said Shirwell's farm, and the other known as Canaan old line, which ran east of said Shirwell's farm. A dispute arose prior to 1807, between the proprietors of Canaan, and the proprietors of Orange, in relation to the true line between said towns, and the boundary between their respective proprietaries, and during said year, said proprietors made and executed an agreement, in writing, under seal, in and by which they agreed upon said compromise line as the true line between said towns and proprietaries. Under this agreement, the town of Orange took and

*Decided December Term, 1866.

exercised full and exclusive municipal authority and jurisdiction over said gore of land and the inhabitants residing on the same, which it continued to exercise without interruption and without interference from any quarter down to 1849, when some dispute arising, a petition was entered in court to establish the line between said towns, and the committee sent out by the court established the line known as Canaan old line, as the true line between said towns, and judgment was rendered on their report.

I find that said Walter Shirwell was legally assessed by said town of Orange, for his poll, and some other property, every year, from 1816 to 1831, inclusive, and that all such taxes were duly paid, except school and highway taxes; that his school taxes were paid down to and including 1826; but in 1827, it was voted by said town of Orange that "Capt. Jacob Barney, Walter Shirwell, and Watts Davis have their school money to school out where they can be best accommodated the ensuing year;" under which vote said Shirwell paid his money for schooling in the town of Canaan, and sent his children there to school, and did not pay any school tax in Orange that year or afterwards.

I also find that a highway tax was assessed against said Walter Shirwell, by said town of Orange, each year, from 1820 to 1828, inclusive, none of which was ever paid in money, or labor, upon any public highway, nor did it appear that said taxes were ever abated by said town. Said Shirwell lived about two hundred rods from any public highway, and only had a path or private way across his own land from said public highway to his house, in which he could travel with his ox team, or ride on horseback. This path of his was never included in any highway district in said town, nor was said Shirwell's name ever inserted in any highway surveyor's warrant; nor was he ever called on by said town, or any of its officers or agents, to work out or pay any highway tax. It was understood that he was not to be called on for any highway tax, so long as he did not call on the said town to lay him out any way, he being left at liberty to work out the amount of his tax, or more, upon his own way, or to use it as it was, without improvement, as he chose; and there was no evidence that he ever expended any labor upon his way. This state of things continued till said Shirwell left town. I find that this arrangement or understanding amounted to a contract between the town and said Shirwell, under which said Shirwell never called for any road to be laid to his house, and the town and its officers never called on him to pay in any way his highway tax, though such tax was duly assessed against him during the time aforesaid.

I also find that said Shirwell was legally assessed by said town of Orange upon real estate of the value of $150, and more, in the years 1825, 1826, 1827, 1828 and 1829, and all said Shirwell's taxes for those years were paid, except the school and highway taxes as aforesaid, but there was no evidence to show when any of said taxes were paid.

If, upon these facts, said Walter Shirwell acquired a settlement in the town of Orange, I find for the plaintiff, for the sum aforesaid; otherwise, I find for the defendant. Judgment to be rendered upon this report according to the opinion of the court upon the law of the case.

J. E. SARGENT, *Referee.*

. Costs of reference and of court to be allowed to the prevailing party.

                                        J. E. SARGENT, *Referee.*

*Pike*, for plaintiffs, upon the question of jurisdiction, cited, *North-wood* v. *Durham*, 2 N. H. 242; *Corinth* v. *Newbury*, 13 Vt. 496; *Reading* v. *Weathersfield*, 30 Vt. 504; *Landgrave* v. *Peru*, 16 Vt. 422; *Somerset* v. *Rehoboth*, 6 Cush. 320; *Hanson* v. *Russell*, 28 N. H. 111. Commented upon *Pitman* v. *Albany*, 34 N. H. 577, as not applicable here. Also, *Woart* v. *Winnick*, 3 N. H. 473; *Dow* v. *Norris*, 4 N. H. 19; *Clark* v. *Clark*, 10 N. H. 386; *Dunbarton* v. *Franklin*, 19 N. H. 257; *Adams* v. *Hackett*, 27 N. H. 289; *Lawrence* v. *Haynes*, 5 N. H. 33.

If the legal effect of the contract of the selectmen of Orange with Shirwell was to work out his tax on his own road, then we claim that the legal presumption is that he has paid the tax in this way. *Hopkinton* v. *Springfield*, 12 N. H. 328; *Colebrook* v. *Stewartstown*, 28 N. H. 75. Upon other parts of the case, *Attleborough* v. *Middleborough*, 10 Pick. 378; *Grantham* v. *Canaan*, 38 N. H. 268.

*Barnard & Murray*, for defendants, cited sundry authorities to show that when a remedy is given by statute it must be strictly followed, &c. *Lisbon* v. *Bath*, 21 N. H. 319; *Meredith* v. *Canterbury*, 3 N. H. 80 : *Rex* v. *Inhabitants of Over*, 1 East. 599; *Rex* v. *Inhabitants of Rashalure*, 10 East. 325; *Amenia* v. *Stanford*, 6 Johnson 92; *Sherburne* v. *Norwich*, 16 Johnson 188.

2. Any settlement prior to 1820, Jan. 1, is immaterial. Ch. 2482, Pamph. Laws; *Andover* v. *Merrimack County*, 37 N. H. 437.

3. Unless a settlement was gained by Shirwell in Orange, prior to Dec. 16, 1828, or has been gained since that time, Orange is not liable, as a part of the time cannot be reckoned before that date, and a part after it. Laws of 1828, chap. 45; *Andover* v. *Merrimack County*, recently settled.

Nothing short of actual payment of the taxes duly assessed will meet the requirements of the statute. *Jaffrey* v. *Cornish*, 10 N. H. 505; *Lisbon* v. *Bath*, 21 N. H. 319; *Bradford* v. *Newport*, 42 N. H. 338. Upon other points, *Robbins* v. *Townsend*, 20 Pick. 345; *Shrewsbury* v. *Salem*, 19 Pick. 389. Jurisdiction, &c., *Pitman* v. *Albany*, 34 N. H. 577; *Rich* v. *Flanders*, 39 N. H. 315; *Northfield* v. *Merrimack County*, 43 N. H. 166.

NESMITH, J. The case finds that whatever settlement the pauper Samuel Shirwell and family obtained, they had through Walter Shirwell, the father of said Samuel—the said Samuel never having gained a settlement for himself and children in his own right. For the purposes of this case, wé then assume that Walter Shirwell was a resident within the present limits of the town of Orange, for the time stated by the referee; and that, during that time, he was assessed by the authority of said town in the public taxes upon his poll and his other ratable estate, according to the finding of the case. Admitting the facts to be as

claimed by the plaintiff, as to Walter Shirwell's actual residence, and as to the assessment of his public taxes, then the important question arises, and is to be tested by the proof.   Did the father, Walter Shirwell, so pay or discharge the taxes which were thus assessed upon his poll or his estate, as to gain for himself and family a legal residence in the town of Orange?   In other words, were his highway taxes legally discharged in the way and manner required by law?   According to the frequent decisions in this State, the plaintiff, in order to recover in this case, must establish clearly the affirmative of this issue.   *Jaffrey* v. *Cornish*, 10 N. H. 505; *Lisbon* v. *Bath*, 21 N. H. 319; ·*Bradford* v. *Newport*, 42 N. H. 340, and cases there cited.

For the purpose of creating a legal obligation to support a pauper, our statute regulating that subject is construed strictly.   Therefore, a strict compliance with its provisions must be first shown, before such liability attaches.   The rule, requiring the actual payment of the tax to be shown, is equally imperative, whether assessed under the fourth or· tenth modes of gaining a settlement under our statute.   It was settled, in the aforesaid case of *Bradford* v. *Newport*, that a highway tax must be paid in order to acquire a settlement, and proof that such highway tax had not been demanded would not avail the party offering it.

In another case, it has been settled that it was not enough that payment of the tax was excused by a vote of the town.   *Shrewsbury* v. *Salem*, 19 Pick. 389.   Nor could the tax be abated by the selectmen, or any part of it waived by the collector.   *Lisbon* v. *Bath*, *ante*.   The neglect of town officers to enforce the collection of a tax, which might have been collected by due diligence, will not operate as a payment upon the question of settlement.   *Robbins* v. *Townsend*, 20 Pick. 345.

Upon the ground that the aforesaid decisions are founded upon just principles, we do not see how the town of Orange could, either by special vote or the action of the selectmen, make a binding and legal contract with Walter Shirwell, under the effect of which he did year after year escape or avoid the common obligation of paying his highway taxes.

It was not until the year 1848, that the legislature, by a special statute, conferred upon selectmen the right to permit citizens, located as Walter Shirwell was, to expend their highway taxes upon private ways leading from the main public road to their dwelling houses.   That statute enacts, "That the selectmen of any town may, whenever they may deem it proper, permit any person who may *not* reside upon a public highway, to expend the whole or any part of his highway tax upon any *private way*, leading from the public highway to the dwelling house of such person."   This statute came too late to affect the rights of the parties, which had been previously acquired in this case.   No *doctrine of presumption*, arising from the lapse of time, that Walter Shirwell's taxes were paid during his residence in Orange, can be entertained, where the referee has expressly found the fact that they were not paid either in money or labor.

But admitting, as claimed by the plaintiff, that, under the vote or common usage, as practiced upon in other towns, said Shirwell, for a series of years, had had the license or authority conferred upon him by

the town of Orange, to work out his taxes upon the private way leading to his dwelling house, then we think such a usage or authority would carry with it the implied correspondent duty or obligation, that he should, in good faith from year to year, bestow the labor equal to his tax upon his private way. The referee finds that Walter Shirwell did no work upon his private way, and there is no evidence that the town authorities exercised any diligence in enforcing the collection of his tax. Therefore, we can come to no other conclusion, than that the highway taxes of Walter Shirwell were not so paid as to enable him or his children to acquire a legal settlement in Orange. Nor do we see that the proceedings respecting the line of the town would in any way affect or change this view of the case. Nor will it become necessary to inquire into the legality of the course adopted for the payment of Shirwell's school tax. Under the finding of the referee, and in accordance with the terms of the case, there must be

*Judgment for the defendant.*